UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHITNEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1088** |
| **THE STANDARD FIRE INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER

This litigation arises out of Plaintiff Whitney Lee's claims for damages following a motor vehicle accident on January 15, 2016.[1] Plaintiff originally filed this action in state court, but Defendants The Standard Fire Insurance Company and Mallory Cato removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

Upon review of this matter, it has come to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte*, because a "party may neither consent to nor waive federal subject matter jurisdiction."[3] "[S]ubject matter delineations must be policed by the courts on their own initiative."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

A defendant may generally remove a civil action filed in state court if the federal court has

---

[1] Rec. Doc. 1 at 2.

[2] Rec. Doc. 1.

[3] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[4] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[5] 28 U.S.C. § 1447(c).

original jurisdiction over the action.[6] The removing party bears the burden of demonstrating that federal jurisdiction exists.[7] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[8]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[9] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[10] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[11] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[12]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[13] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[14] When, as here, the plaintiff has

---

[6] *See* 28 U.S.C. § 1441(a).

[7] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[8] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[9] *See Allen*, 63 F.3d at 1335.

[10] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[11] *Id.*

[12] *Id.*

[13] *See* La. Code Civ. P. art. 893.

[14] *Id.*

2

alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[16] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[17] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[18]

In her Petition, Plaintiff alleges that she suffered "sever and disabling injuries" as a result of the car accident on January 15, 2016.[19] The Petition further alleges that she "has suffered and will suffer in the future, physical pain and suffering, emotional distress, inconvenience and mental anguish" and that she has "incurred medical bills."[20] In their Notice of Removal,[21] Defendants assert that there is "the potential that the plaintiff's claim may exceed the threshold amount of

---

[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[16] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[17] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[18] *Allen*, F.3d at 1335.

[19] Rec. Doc. 1-2 at 2.

[20] *Id.*

[21] Rec. Doc. 1.

3

$75,000."[22] Defendant further states that Plaintiff continues to receive treatment and that she recently underwent a lumbar MRI that indicated disc bulging and inflammation.[23] Defendants submit evidence of the MRI imaging and an orthopedic referral from Plaintiff's physician.[24]

Without further information, however, the Court is unable to determine whether the amount in controversy exceeds $75,000, as it is not facially apparent that Plaintiff's injuries exceed $75,000. Neither the Petition, the Notice of Removal, nor the medical records provide any information on the specific nature of Plaintiff's injuries, the cost of the treatment that Plaintiff has received, or what treatment might be necessary in the future. Furthermore, Defendants do not provide specifics on any other element of damages that would establish that the amount in controversy exceeds $75,000. The Fifth Circuit has instructed that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[25] Accordingly,

**IT IS HEREBY ORDERED** that the parties submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*, February 7, 2017, to the Court by February 23, 2017.

**NEW ORLEANS, LOUISIANA**, this 13th day of February, 2017.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[22] *Id.* at 2.

[23] *Id.*

[24] *See* Rec. Doc. 1-5.

[25] *Allen*, F.3d at 1336.