UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LEE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-1088 |
| STANDARD FIRE INSURANCE COMPANY, et al. | SECTION: "G"(4) |

# ORDER

This litigation arises out of Plaintiff Whitney A. Lee's ("Plaintiff") claim for damages following a car accident in which Plaintiff alleges she was injured.[1] Plaintiff originally filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] Defendants Standard Fire Insurance Company and Mallory K. Cato (collectively "Defendants") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

On February 13, 2017, the Court ordered the parties to submit evidence regarding the

---

[1] Rec. Doc. 1-2 at 1.

[2] *Id.*

[3] Rec. Doc. 1 at 3.

[4] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] 28 U.S.C. § 1447(c).

1

amount in controversy at the time of removal to the Court by February 23, 2017.[6] The parties filed memoranda regarding the amount in controversy on February 23, 2017.[7] For the reasons that follow, the Court finds that Defendants have not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

In the Petition for Damages, Plaintiff alleges that on January 15, 2016, Defendant Mallory Cato failed to stop for a stop sign and crashed into Plaintiff's vehicle.[8] Plaintiff claims that the accident caused her "severe and disabling injuries."[9] Plaintiff alleges that Defendant Mallory Cato was insured by Defendant Standard Fire Insurance Company.[10] Plaintiff seeks to recover damages for physical pain and suffering, emotional distress, inconvenience and mental anguish, medical expenses, attorney's fees, court costs, and all equitable relief.[11]

On January 6, 2017, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[12] On February 7, 2017, Defendants removed the case to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1332 because, according to Defendants, all parties are diverse and the amount in controversy exceeds $75,000.[13] Defendants

---

[6] Rec. Doc. 5.

[7] Rec. Docs. 9, 10.

[8] Rec. Doc. 1-2 at 1.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

[12] Rec. Doc. 1 at 1.

[13] *Id.* at 3.

allege that the amount in controversy will exceed $75,000 because of Plaintiff's allegations in her petition, her continuing treatment for more than a year after the accident, the lumbar MRI findings, and a recent referral to an orthopedic specialist.[14]

On February 13, 2017, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores, Inc.*,[15] and *Gasch v. Hartford Accident & Indemnity Co.*,[16] the Court ordered that Defendants submit evidence regarding the amount in controversy at the time of removal.[17] On February 23, 2017, Defendants filed a memorandum regarding the amount in controversy.[18] Plaintiff also filed a memorandum regarding the amount in controversy on February 23, 2017.[19]

## II. Parties' Arguments

### A. *Defendants' Notice of Removal*

In their Notice of Removal, Defendants contend that the amount in controversy may exceed $75,000.[20] Defendants aver that Plaintiff labeled her injuries as "severe and disabling" in her Petition for Damages and claims to have suffered pain and suffering, emotional distress, inconvenience, and mental anguish.[21] Defendants also note that Plaintiff alleged in the Petition that her damages would exceed the requisite amount for a jury, which is an amount in excess of

---

[14] *Id.*

[15] 193 F.3d 848, 850 (5th Cir. 1999).

[16] 491 F.3d 278, 281 (5th Cir. 2007).

[17] Rec. Doc. 5.

[18] Rec. Doc. 10.

[19] Rec. Doc. 9.

[20] Rec. Doc. 1 at 3.

[21] *Id.* at 2.

3

$50,000 in the State of Louisiana.[22] Defendants also contend that Plaintiff is still receiving medical treatment over a year after the accident.[23] Defendants assert that, based on Plaintiff's allegations, her continued treatment more than a year after the accident, the lumbar MRI findings, and the referral to an orthopedic specialist, damages may exceed $75,000.[24]

### B. *Defendants' Memorandum Regarding the Amount in Controversy*

In their memorandum, Defendants assert that pictures from the scene of the accident and the crash report indicate that the accident caused severe damage to the vehicles involved.[25] Defendants recognize that Plaintiff declined ambulance service at the scene of the accident but assert that she proceeded to the hospital later that day with complaints of pain in her neck, back, thigh, left knee, and ankle.[26] Defendants note that Plaintiff's pregnancy at the time of the accident caused additional concern for her injuries.[27] Defendants aver that Plaintiff has been receiving treatment for over a year since the accident and that she has been referred to an orthopedist after a recent MRI indicated disc bulging at L4-5 with facet fluid and inflammation from L3-S1.[28] In support of federal jurisdiction, Defendants submit into evidence medical records related to Plaintiff's treatment after the accident, including insurance claims, medical bills, and clinical notes and summaries.[29] Finally, Defendants point out that, in her petition, Plaintiff alleges that

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

[25] Rec. Doc. 10 at 1.

[26] *Id.* at 2.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 2 n.2 (citing Rec. Doc. 10-4).

4

Defendants are liable for damages "in excess of the requisite amount for a jury," which in the State of Louisiana is an amount in excess of $50,000.[30]

Defendants assert that "based on the severity of the collision, plaintiff's continued treatment for more than a year following the accident, the lumbar MRI findings, the recent referral to an orthopedic specialist for further treatment, plaintiff's own claim of severe and disabling injuries worth at least in the six-digit figures as well as her concern about her pregnancy, and the likelihood of future treatment," Plaintiff's claims "may well" exceed the threshold amount of $75,000.[31]

C.  *Plaintiff's Memorandum Regarding the Amount in Controversy*

Plaintiff asserts that she was in a serious car crash and sustained acute cervical and lumbar strains as well as a left thigh contusion as a result.[32] Plaintiff alleges that she received chiropractic care because her pregnancy limited her treatment options.[33] Plaintiff further alleges that this treatment has been ongoing since the date of the accident and that she is still receiving treatment.[34] Plaintiff asserts that an orthopedic physician later determined she had a "bulging lumbar disc with symptomatic facet inflammation" that was caused by the accident.[35] Plaintiff also notes that she

---

[30] *Id.*

[31] *Id.*

[32] Rec. Doc. 9 at 1.

[33] *Id.*

[34] *Id.* at 2.

[35] *Id.*

will likely need treatment in the foreseeable future.[36] Finally, Plaintiff represents that as of February 23, 2017, her medical bills related to the accident totaled $8,464.[37]

### III. Law and Analysis

*A.   Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[38] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[39] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[40] The removing party bears the burden of demonstrating that federal jurisdiction exists.[41] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[42] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[43]

---

[36] *Id.*

[37] *Id.*

[38] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[39] 28 U.S.C. § 1332(a)(1).

[40] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[41] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[42] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[43] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[44] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[45] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[46]

However, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[47] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[48] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[49] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[50]

---

[44] *See Allen*, 63 F.3d at 1335.

[45] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[46] *Id.*

[47] See La. Code Civ. P. art. 893.

[48] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[49] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[50] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## B. Analysis

In their memorandum regarding the amount in controversy, Defendants assert that Plaintiff's allegations along with the severity of the crash, her continued treatment and referral to a specialist, the MRI findings, and the likelihood of future treatment establish that the amount in controversy exceeds $75,000.[51] Defendants cite generally to 55 pages of Plaintiff's medical records in support of their argument that the amount in controversy requirement is met.[52] However, the medical records appear to only show medical expenses of $6,365, and Defendants do not cite to any other medical bills or evidence that would establish that the amount of medical expenses incurred by Plaintiff at the time of removal were such that it is more likely than not that the amount in controversy exceeds $75,000.[53]

In Plaintiff's memorandum regarding the amount in controversy, she asserts that her total medical expenses incurred as of February 23, 2017, were $8,464.[54] However, neither Defendants nor Plaintiff have produced any evidence of the costs of any treatment or care outside of the medical expenses already incurred, nor do they establish what additional costs may be incurred in the amount of future medical damages or any other quantifiable damages alleged by Plaintiff. The Court also notes that in addition to medical records, Defendants submit photos that they allege are images of Plaintiff's car following the accident and assert that Plaintiff's vehicle was "eventually

---

[51] Rec. Doc. 10 at 1–2.

[52] *Id.*

[53] *See* Rec. Doc. 10-4 at 1, 54, 55.

[54] Rec. Doc. 9 at 2.

totaled."[55] However, Defendants have not submitted evidence regarding the value of Plaintiff's vehicle or any costs Plaintiff has incurred regarding her vehicle as a result of the accident.

In showing that the amount in controversy has been met, the burden is upon the removing party to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[56] Defendants have submitted evidence that appears to show that Plaintiff incurred $6,365 in medical expenses as of the time of removal on February 7, 2017,[57] and Plaintiff asserts that her medical expenses as of February 23, 2017, totaled $8,464.[58] The general damages alleged in this case are too speculative for the Court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy. Defendants argue that there is the "potential that the plaintiff's claim may exceed the threshold amount of $75,000."[59] However, "the Fifth Circuit has explained that a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard."[60] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, the Court finds that Defendants have put forth insufficient evidence to demonstrate that the amount in controversy requirement is met. Therefore, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

---

[55] *See* Rec. Doc. 10 at 1 n.1; Rec. Doc. 10-2.

[56] *Id.* at 1253.

[57] *See* Rec. Doc. 10-4 at 1, 54, 55.

[58] *See* Rec. Doc. 9 at 2.

[59] Rec. Doc. 1 at 1.

[60] *Robertson v. Boyd*, No. DV 16-1547, 2016 WL 3086164, at *3 (E.D. La. June 2, 2016) (Brown, J.) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendant has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 7th day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**